```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TYREK DUBOSE,                                                 :
                        Plaintiff,                            :
                                                              :      MEMORANDUM OPINION
                                                              :      AND ORDER
v.                                                            :
                                                              :      22 CV 2124 (VB)
CO JIMENEZ, et al.,                                           :
                        Defendants.                           :
--------------------------------------------------------------x
```

Briccetti, J.:

      Before the Court is a motion for reconsideration (Doc. #81 ("Reconsid. Mot.")), brought by plaintiff, proceeding pro se and in forma pauperis, of the Court's Opinion and Order dated August 15, 2023 (Doc. #75 ("MTD Opinion")), in which the Court granted in part and denied in part defendants' motion to dismiss.

      The parties' familiarity with the factual and procedural background of this case is presumed.

      In the MTD Opinion, the Court dismissed plaintiff's claims for (i) First Amendment retaliation against Serringer; (ii) First Amendment denial of access to courts against Jimenez, Harkins, Tracy, Drexler, Walden, Kitson, and Serringer; (iii) Eighth Amendment sexual abuse against Bianchi, Drexler, and Lopez; (iv) Eighth Amendment deliberate indifference to medical needs against Pitt and Walden; (v) Eighth Amendment failure to protect against Pitt, Walden, Figueroa, Campbell, Furco, and Osselman; (vi) Eighth Amendment deliberate indifference against Jimenez, Tracy, Harkins, Ortiz, Del Bianco, Serringer, Drexler, Nelson, and Bianchi; (vii) Fourteenth Amendment procedural due process against Mayes, Venettozzi, Rodriguez, and Burnett; and (viii) Section 1983 conspiracy against Losi, Jimenez, Harkins, Tracy, Mayes, Venettozzi, Rodriguez, Burnett, Campbell, Osselman, Furco, Piggee, Carbone, Lavalle, Downer, Walden, Pitt, Figueroa, Serringer, Albert, Prince, Nienstedt, and Lopez.  (MTD Opinion at 36).

In plaintiff's motion, he requests that the Court "bring back all recently dismissed defendants, for the reason detailed in the supporting documents." (Reconsid. Mot. at ECF 2).

For the reasons set forth below, the motion is for the most part DENIED, except that the Court GRANTS the motion as to the procedural due process claim against Mayes, such that that claim may proceed against Mayes.

## DISCUSSION

I.   Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).[1]  Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3.  The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000).  Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995).  This

---

[1]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

II.     Analysis

Upon due consideration of plaintiff's arguments in the motion for reconsideration, the Court finds all of them to be without merit, except for his arguments regarding the dismissal of his Fourteenth Amendment procedural due process claim against defendant Mayes. Plaintiff does not point to any facts or legal precedent that warrant reconsideration of the MTD Opinion as to any other defendants or claims. Rather, as to the other defendants and claims, plaintiff simply seeks to reframe or contradict his prior allegations—which, as explained above, is improper on a motion for reconsideration.

   A.     Defendant Serringer

Plaintiff's attempt to reframe his allegations regarding defendant Serringer are improper and cannot support reconsideration of the Court's dismissal of plaintiff's First Amendment retaliation claim against Serringer.

Plaintiff argues "Serringer did not see the email as the court suggested. Plaintiff alleged that the defendant received a phone call and then made the additional statements of threats. Plaintiff alleged that the corresponded with a individual directly connected to someone(s) or the technology department within the facility," and thus plaintiff argues he "sufficiently alleges plausible means of identifying defendant Serringer means of finding out about the email." (Reconsid. Mot. at ECF 3–4).[2] Further, plaintiff says "[i]f the court acknowledges that defendant

---

[2] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Serringer was Privy to the email, then we are acknowledging a need for a threat if the court will remember the elements of my being set up with a weapon and assaulted and medical inconsistencies immediately after." (Id. at ECF 7).

However, as the Court noted in the MTD Opinion, in the complaint, plaintiff alleges he sent an email to a friend and he believes "Serringer saw the email, because Serringer allegedly remarked to plaintiff, 'this is my building' and 'you shouldnt have send that email.'" (MTD Opinion at 6) (citing Compl. at ECF 17 ¶ 35).[3] Thus, the Court did construe plaintiff to allege Serringer had seen or at least knew of the email. Nevertheless, plaintiff's retaliation claim against Serringer failed because plaintiff did not plausibly allege Serringer took any retaliatory action against him after learning about the email. Rather, plaintiff alleges Serringer threatened to set him up with a weapon on April 21, before plaintiff sent the email. (Compl. at ECF 7 ¶ 34). And in the complaint, plaintiff does not allege Serringer planted a weapon on plaintiff, assaulted him, or was involved in his medical treatment.

Accordingly, reconsideration is not warranted as to the dismissal of this claim.

B.  Defendant Pitt

Similarly, plaintiff's arguments in support of reconsideration of the dismissal of his Eighth Amendment medical indifference claim against Nurse Pitt fail because they attempt to revise or are inconsistent with plaintiff's allegations in the complaint.

As to Pitt, plaintiff "believes that the court has detached from it's moral, ethical and progressive nature by dismissing defendant Pitt from the complaint." (Reconsid. Mot. at ECF 4).

---

[3]  The complaint uses different numbering schemes for paragraphs and some pages were not docketed in sequential order. Accordingly, for the avoidance of confusion, the Court cites to the complaint using both ECF page numbers and the paragraph label used by plaintiff.

This is both plainly false and also not a proper basis for a motion for reconsideration.  In support, plaintiff states the Court "emphasized Plaintiff's statement 'You cant tell'" but "overlooked the fact that the statement is not with a Period at the end, said statement was in fact an open ended statement.  Not a definitive one."  (Id.).  However, in plaintiff's complaint, he simply alleges:  "Upon indulging in S.H.U. admission procedures the following dialogue ensued:  Defendant Pitt: do you have any injuries?  Plaintiff:  yes, you can't tell  Defendant: your ok, it could be worse."  (Compl. at ECF 21 ¶ 45).  Thus, there is no error—clear or otherwise—with the Court's statement in the MTD Opinion regarding plaintiff's interactions with Pitt:  "Plaintiff alleges he answered yes to both questions, and told her, 'you cant tell' that he had injuries."  (MTD Opinion at 7) (citing Compl. at ECF 21 ¶ 45).

Plaintiff also argues Pitt "never got the Plaintiff medication." (Reconsid. Mot. at ECF 4).  However, as the Court noted in the MTD Opinion, plaintiff alleges in the complaint the following exchange occurred between him and Pitt:  "Defendant:  so ill get you your ibuprofen. plaintiff:  please and thank you."  (Compl. at ECF 21 ¶ 45; see MTD Opinion at 7).  And, in plaintiff's letter dated April 24, 2021, which he attaches to the complaint, plaintiff acknowledges "I have not received any medical attention outside of two motrins."  (Ex. G at ECF 54).[4]

Accordingly, reconsideration is not warranted as to the dismissal of this claim.

C. Defendants Kitson, Drexler, and Walden

Further, plaintiff contradicts his prior allegations regarding defendants Kitson, Drexler, and Walden, which cannot support reconsideration of the dismissal of plaintiff's First Amendment denial of access to courts claim against these defendants.

---

[4] Citations to "Ex." refer to the exhibits attached to plaintiff's complaint and the relevant ECF page number.

Plaintiff alleges the Court must "reconsider its Position due to the burglarized material" and that "[h]ad those documents been there the 3 stricken defendants not malicious reason to steal the documents the Plaintiff would have a great deal of proof for Your honor to exam, the Proof would have cemented the three defendants motive and continuance in a agreed upon scheme to subside Plaintiff's constitutional rights."  (Reconsid. Mot. at ECF 8).

However, as the Court stated in the MTD Opinion, "to the extent plaintiff alleges he was prevented in some way from pursuing the instant action, that claim must be rejected because he has, obviously, pursued this lawsuit.  In fact, plaintiff acknowledges that, with respect to this action, there is 'of yet no injury.'"  (MTD Opinion at 16) (quoting Opp. at ECF 3).  Indeed, plaintiff stated in his opposition, "In regard to the last paragraph of Point I(A).  I do agree that there is of yet no injury."  (Opp. at ECF 3).  Plaintiff's citation to Point I.A referred to defendants' arguments regarding plaintiff's denial of access to courts claim.  (See Doc. #63 ("Defs. Mem.") at 8).  Thus, the Court properly concluded plaintiff did not allege he suffered any actual injury in this action based on Kitson, Drexler, and Walden's purported actions.

Accordingly, reconsideration is not warranted as to the dismissal of this claim.

D.      Defendant Mayes

However, the Court agrees with plaintiff that reconsideration is warranted as to the dismissal of plaintiff's Fourteenth Amendment procedural due process claim against Hearing Officer Mayes.

As to Mayes, plaintiff argues the Court overlooked the fact that he plausibly alleges a deprivation of liberty interest because he was placed in the Special Housing Unit ("SHU") as a result of the disciplinary hearing over which Mayes presided.  (Reconsid. Mot. at ECF 6–7).

6

It was not clear from the allegations in plaintiff's complaint that his detention in the SHU was the result of the disciplinary hearing before Hearing Officer Mayes. However, upon further examination of the numerous documents plaintiff attaches as exhibits to his complaint, the Court has determined it overlooked an exhibit which indicates the penalty imposed on plaintiff as a result of a hearing before Mayes on May 11, 2021, was "200 day SHU" confinement. (Ex. D4, at ECF 49). Thus, the Court concludes plaintiff plausibly alleges a deprivation of liberty interest supporting a Fourteenth Amendment procedural due process claim against defendant Mayes only.

Accordingly, reconsideration is warranted solely as to the dismissal of this claim against defendant Mayes.[5] This claim may therefore proceed.

E.  Other Defendants

Finally, plaintiff does not make specific arguments as to the other defendants against whom the Court dismissed claims. And his argument that the MTD Opinion was wrongly decided because the Court previously "analyzed my complaint before approving the delivery of the complaint, in such stated I met the criteria to proceed with my argument(s)" (Reconsid. Mot. at ECF 5), is not correct. Any actions by the Court to assist plaintiff in serving his complaint do not bear on an analysis of the sufficiency of his allegations pursuant to Rule 12(b)(6).

---

[5] Although plaintiff does not request reconsideration of the Court's dismissal of his Fourteenth Amendment procedural due process claim against defendants Venettozzi, Rodriguez, and Burnett, the Court notes it properly concluded in the MTD Opinion that plaintiff fails plausibly to state a claim against them because reviewing or affirming outcomes of disciplinary hearings does not establish personal involvement. (See MTD Opinion at 32). Thus, reconsideration is not warranted as to the dismissal of this claim against defendants Venettozzi, Rodriguez, or Burnett.

**CONCLUSION**

Accordingly, plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART. Plaintiff's Fourteenth Amendment procedural due process claim is reinstated against defendant Mayes only.

Plaintiff and defense counsel are reminded that the Court will conduct a case management conference on September 28, 2023, at 9:30 a.m., in Courtroom 620 at the White Plains Courthouse.

The Clerk is directed to reinstate Mayes as a defendant in this action, and terminate the motion. (Doc. #81).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to plaintiff at the address on the docket.

Dated: August 30, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge