UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TYREK DUBOSE,
      Plaintiff,
v.               **ORDER**

C.O. JIMINEZ, et al.,        22 CV 2124 (VB)
      Defendants.
--------------------------------------------------------------x

  By letter dated October 20, 2023, plaintiff, proceeding pro se and in forma pauperis, requests that the Court (i) permit him to "resubmit" defendants John Doe 1 and John Doe 2, and (ii) grant him a 14-day extension of the deadline to file amended pleadings. Plaintiff further requests copies of every document filed in this matter. (Doc. #91). The Court liberally interprets plaintiff's application as a motion for leave to amend to revise his allegations against defendants John Doe 1 and John Doe 2.

  Plaintiff commenced this action by filing a complaint on March 14, 2022. (Doc. #1). Plaintiff named as defendants 36 individuals, including two individuals identified as John Doe 1 and John Doe 2, respectively. (Doc. #1). Because plaintiff was granted leave to proceed in forma pauperis, he was entitled to rely on the Court and the U.S. Marshals Service to effect service. Accordingly, by Order dated April 4, 2022, the Court instructed the Clerk to complete and deliver to the U.S. Marshals Service all documents necessary to serve the defendants. (Doc. #9).

  However, as the Court noted in its Order of Service, plaintiff's complaint did not contain sufficient information for the New York State Department of Corrections and Community Supervision to identify the John Doe defendants. The Court therefore declined, at that stage, to order the New York State Attorney General to attempt to identify defendants John Doe 1 and John Doe 2. (Doc. #9).

1

By Opinion and Order dated August 14, 2023, the Court granted in part and denied in part defendants' partial motion to dismiss. (Doc. #75). The remaining defendants answered the complaint on October 12, 2023. (Doc. #90).

Pro se parties are entitled to "special solicitude," and district courts ordinarily grant self-represented plaintiffs "leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Mitsugi, 222 F.3d 99, 112 (2d Cir. 2000). However, when "a proposed amendment would be futile, leave to amend need not be given." Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011).

Plaintiff's complaint alleges, in sum and substance, the John Doe defendants interfered with his email and phone communications, hindering his ability to report and initiate investigations of constitutional violations the defendants allegedly committed. (Doc. #1). Liberally construed, plaintiff's assertions suggest a First Amendment claim for denial of access to the courts.

To state a constitutional claim for denial of access to the courts, plaintiff must plausibly allege "actual injury." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Actual injury requires a showing that plaintiff was frustrated or impeded in his efforts to pursue a "nonfrivolous legal claim." Lewis v. Casey, 518 U.S. 343, 352–53 (1996). "Interferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right." Jermosen v. Coughlin, 1995 WL 144155, at *5 (S.D.N.Y. Mar. 30, 1995).

As the Court explained in its Opinion and Order dated August 14, 2023, plaintiff has successfully initiated and prosecuted two lawsuits related to alleged constitutional violations he has suffered while in New York State custody. (Doc. #75). Thus, even if plaintiff's proposed

amendment were sufficiently detailed to identify the John Doe defendants, his allegations would not state a claim against them as a matter of law. See Davis v. Goord, 320 F.3d at 352 (finding plaintiff failed to state a denial-of-access claim absent allegations "that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions").

Moreover, although the case is still at an early stage, defendants moved to dismiss, the Court resolved the motion, the remaining defendants answered the complaint, and discovery has commenced. Plaintiff had ample time and opportunity to seek to amend before defendants filed and the Court resolved their motion to dismiss. These factors further counsel in favor of denying plaintiff's request for leave to amend. See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 174 (S.D.N.Y. 2014).

Accordingly, it is HEREBY ORDERED:

Plaintiff's motion for leave to amend is DENIED WITHOUT PREJUDICE. If discovery reveals further information that would permit plaintiff to identify the John Doe defendants and to adequately allege he suffered actual injury because of their actions, plaintiff will have an opportunity to move for leave to file an amended complaint.

Plaintiff's request for copies of every document filed in this case is DENIED. To date, there are 93 entries on the docket, including many voluminous documents, some of which were filed by plaintiff himself. "A litigant's in forma pauperis status does not entitle him to a free copy of a docket sheet and other filings." United States v. Navarro, 2017 WL 343466, at *1 (W.D.N.Y. Jan. 24, 2017) (citing 28 U.S.C. § 1915(a)(1)(c)). The Clerk is instructed to mail plaintiff a copy of the docket sheet. If, after reviewing the docket sheet, plaintiff determines he would like copies of particular documents, he should contact the Clerk's Office Records

Management Unit at (212) 805-0700 for instructions on submitting requests for records. Plaintiff is advised there is a fee of 50 cents per page for copies of case documents.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: October 27, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge